Dear Representative Powell:
You have requested an Attorney General's opinion as to whether or not a person serving on the Tangipahoa Parish School Board may also serve as director of the Louisiana Technical College-Hammond Area Campus.
LSA-R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office.
This provision prohibits the holding of a local elective office, such as membership on the parish school board, and an appointed position within that same parish or state government.
However, LSA-R.S. 42:66(B) provides an exemption to the above prohibition:
 Nothing in this part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office has consistently held that factors determining employment in a professional educational capacity include duties which affect the curriculum taught at the university or college, duties which require participation in the delivery of educational programs at the university or college, and duties which require the planning of long and short range educational goals for the students of the university or college. See Attorney General Opinions 94-393, 95-113, 97-304 and 98-82.
The common element shared by these factors is that each is related to or directly affects the curriculum or educational programs offered by the school. While you did not provide a job description for the director of the Louisiana Technical College-Hammond Area Campus, one can assume that such a position would entail duties that satisfy the above requirement.
Therefore, it is the opinion of this office that a person serving on the Tangipahoa Parish School Board may also serve as director of the Louisiana Technical College-Hammond Area Campus as the latter position falls under the exemption for those persons employed in a professional educational capacity provided in LSA-R.S. 42:66(B).
I trust that this addresses your concerns. Please contact this office should your request further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF/mjb
OPINION NUMBER 96-90
March 21, 1996
78 OFFICERS — Dual OfficeholdingLSA-R.S. 42:61, et seq. LSA-R.S.42:62(9); LSA-R.S. 42:63D
Statutes permit holding office of justice of the peace and the appointive office of deputy sheriff if the later position is held on a part-time basis.
Mr. Clyde Taylor 520 First Street Norco, LA 70079
Dear Mr. Taylor:
In response to your inquiry of recent date, note that it is impermissible for you to hold both the local elective office of justice of the peace and the full-time appointive office of deputy sheriff. Please note that the office of justice of the peace and the office of deputy sheriff, under the Louisiana Dual Officeholding Law and Dual Employment Law, LSA-R.S. 42:61, et seq., fall within separate political subdivisions. See LSA-R.S. 42:62(9). The applicable section of the dual officeholding law relative to your question is contained in LSA-R.S. 42:63D
which provides in pertinent part as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . . (Emphasis added).
"Full-time" and "part-time" are defined as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven days of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The law permits one to hold local elective office and a part-time appointive office in a political subdivision of the state, as defined by statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 96-356
September 4, 1996
78 DUAL OFFICEHOLDING LSA-R.S. 42:61, et seq.
A deputy sheriff may not serve as a justice of the peace, as per advisory ruling of the Judiciary Commission.
Honorable Connie G. Moore Justice of the Peace St. Tammany Parish P.O. Box 1133 Covington, LA 70434
Dear Ms. Moore:
In response to your inquiry of recent date, we enclose a copy of a ruling recently issued by the Judiciary Commission indicating that a deputy sheriff may not also serve as a justice of the peace.
In response to your second inquiry, the Dual Officeholding and Dual Employment provisions, LSA-R.S. 42:61, et seq., are generally applicable only to the holding of two public offices. Here, a psychologist would hold a position within the private sector, thereby making those provisions inapplicable.
However, we advise you to consult the Judiciary Commission, at the number on the enclosed correspondence for a further advisory ruling.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Enclosure
June 14, 1996
Mr. Roland Dartez Assistant Attorney General Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Mr. Kerry L. Kilpatrick Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Re: Attorney General Opinion #96-90
Dear Messrs. Dartez and Kilpatrick:
I am writing in reference to Attorney General Opinion #96-90, noting same in "The Magistrate," to the effect that "[a] justice of the peace also may serve as an appointed, part-time deputy sheriff."
As I am sure you know, justices of the peace are governed by the Code of Judicial Conduct. See, "Compliance" section of the Code. The Supreme Court Committee on Judicial Ethics, in Opinion Nos. 95 and 120, has on two occasions held that a justice of the peace may not also be employed by the district attorney's office. (Attached). The rationale for prohibiting such dual employment as to a sheriff's office is no different.
The Office of Special Counsel has taken the position that a justice of the peace who is also employed as a deputy sheriff is in violation of the Code of Judicial Conduct and La. Const. Art. 25C. In that regard, in such a case, this Office would recommend to the Judiciary Commission that the Supreme Court remove from office such a dual office holding justice of the peace.
Therefore, I write to you because it appears that Attorney General Opinion #96-90 is at odds with the opinions of the Supreme Court Committee on Judicial Ethics and the position of this Office. It further appears that if a justice of the peace were to rely upon Attorney General Opinion #96-90, and simultaneously serve as a deputy sheriff, he or she may be placed at risk before the Judiciary Commission and the Supreme Court.
I would be happy to discuss this matter with you in further detail. Please feel free to contact me at your convenience. Thank you.
Sincerely,
Steven Scheckman
SS/ebs Attachments
OPINION NUMBER 95
November 19, 1991
Dear
You have requested an ethics advisory opinion on whether a Justice of the Peace, who, by agreement of local law enforcement agencies does not handle criminal matters, can maintain employment as an intake warrant officer for the District Attorney's Office.
The Committee on Judicial Ethics believes that it is not ethically permissible for a Justice of the Peace to relinquish the responsibilities of the office as determined by R.S. 13: 2586 (C) which include criminal jurisdiction as committing magistrates and authority to set bail. Further, it is the opinion of the Committee that it is ethically impermissible for you to serve as a justice of the peace and the District Attorney's Office intake warrant officer as such dual service raises the appearance of impropriety and of a lack of impartiality.
Sincerely,
 Hugh M. Collins, Ph.D. Secretary and Member Supreme Court Committee on Judicial Ethics
HMC :mlm
cc: Chairman and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana
OPINION NUMBER 120
August 10, 1994
Dear Justice of the Peace
The Supreme Court Committee on Judicial Ethics has carefully considered your request for an advisory ethics opinion on whether it is ethically permissible for a justice of the peace to also be employed as a clerical employee in the district attorney's office. The Committee has unanimously concluded that it is ethically impermissible for a justice of the peace to be employed in the district attorney's office.
If I can be of any further assistance, please do not hesitate to call on me.
Sincerely,
 Hugh M. Collins, Ph.D. Secretary and Member Supreme Court Committee on Judicial Ethics
1287E/5 HMC:gp
cc: Chair and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana